# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF MISSISSIPPI
### OXFORD DIVISION

**WILLIAM ALBRIGHT**                                                                                          **MOVANT**

**v.**                                                                                              **No. 3:10CR163-SA-RP**

**UNITED STATES OF AMERICA**                                                                          **RESPONDENT**

## MEMORANDUM OPINION

This matter comes before the court on the motion of William Albright to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255. The government has responded to the motion, and the matter is ripe for resolution. For the reasons set forth below, the instant motion to vacate, set aside, or correct sentence will be denied.

### *Habeas Corpus* Relief Under 28 U.S.C. § 2255

The writ of *habeas corpus*, a challenge to the legal authority under which a person may be detained, is ancient. Duker, The English Origins of the Writ of Habeas Corpus: A Peculiar Path to Fame, 53 N.Y.U.L.Rev. 983 (1978); Glass, Historical Aspects of Habeas Corpus, 9 St. John's L.Rev. 55 (1934). It is "perhaps the most important writ known to the constitutional law of England," *Secretary of State for Home Affairs v. O'Brien*, A.C. 603, 609 (1923), and it is equally significant in the United States. Article I, § 9, of the Constitution ensures that the right of the writ of *habeas corpus* shall not be suspended, except when, in the case of rebellion or invasion, public safety may require it. *Habeas Corpus*, 20 Fed. Prac. & Proc. Deskbook § 56. Its use by the federal courts was authorized in Section 14 of the Judiciary Act of 1789. *Habeas corpus* principles developed over time in both English and American common law have since been codified:

The statutory provisions on *habeas corpus* appear as sections 2241 to 2255 of the

1948 Judicial Code. The recodification of that year set out important procedural limitations and additional procedural changes were added in 1966. The scope of the writ, insofar as the statutory language is concerned, remained essentially the same, however, until 1996, when Congress enacted the Antiterrorism and Effective Death Penalty Act, placing severe restrictions on the issuance of the writ for state prisoners and setting out special, new *habeas corpus* procedures for capital cases. The changes made by the 1996 legislation are the end product of decades of debate about *habeas corpus*.

*Id.*

**Section 2255 Proceedings**

Section 28 U.S.C. § 2255 permits an inmate serving a sentence after conviction of a federal crime "to move the court which imposed the sentence to vacate, set aside or correct the sentence." 28 U.S.C. § 2255(a). As with the writ of *habeas corpus*, *see* 28 U.S.C. §§ 2241, 2254, a § 2255 motion sets forth only four bases on which a motion may be made: (1) the sentence was imposed in violation of the Constitution or laws of the United States; (2) the court was without jurisdiction to impose the sentence; (3) the sentence exceeds the statutory maximum sentence; or (4) the sentence is "otherwise subject to collateral attack." 28 U.S.C. § 2255(a). Thus, a prisoner must claim either a constitutional violation or want of subject matter jurisdiction to invoke 28 U.S.C. § 2255. In the absence of constitutional or jurisdictional defects, a federal prisoner may invoke § 2255 only if the error constitutes "a fundamental defect which inherently results in a complete miscarriage of justice." *United States v. Addonizio,* 442 U.S. 178, 185 (1979).

The district court must first conduct a preliminary review of a section 2255 motion, and "[i]f it plainly appears from the motion, any attached exhibits, and the record of the prior proceeding that the moving party is not entitled to relief, the judge must dismiss the motion." Rules Governing Section 2255 Proceedings, Rule 4(b). If the motion raises a non-frivolous claim to relief, the court must order the Government to file a response or to take other appropriate action. *Id.* The judge may then require

the parties to expand the record as necessary and, if good cause is shown, authorize limited discovery. *Rules Governing Section 2255 Proceedings,* Rules 6–7.

After reviewing the government's answer, any transcripts and records of prior proceedings, and any supplementary materials submitted by the parties, the court must decide whether an evidentiary hearing is warranted. *Rules Governing Section 2255 Proceedings,* Rule 8. Under the statute, an evidentiary hearing must be held unless "the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255(b). However, the court need not hold an evidentiary hearing if the prisoner fails to produce "independent indicia of the likely merit of [his] allegations." *United States v. Edwards,* 442 F.3d 258, 264 (5th Cir. 2006) (quoting *United States v. Cervantes,* 132 F.3d 1106, 1110 (5th Cir. 1998)).

Ultimately, the petitioner bears the burden of establishing his claims of error by a preponderance of the evidence. *See Wright v. United States,* 624 F.2d 557, 558 (5th Cir. 1980). For certain "structural" errors, relief follows automatically once the error is proved. *See Burgess v. Dretke,* 350 F.3d 461, 472 (5th Cir. 2003). For other errors at the trial court level, the court may grant relief only if the error "had substantial and injurious effect or influence" in determining the outcome of the case. *Brecht v. Abrahmson,* 507 U.S. 619, 637 (1993); *see also United States v. Chavez,* 193 F.3d 375, 379 (5th Cir. 1999) (applying *Brecht's* harmless error standard in a § 2255 proceeding). If the court finds that the prisoner is entitled to relief, it "shall vacate and set the judgment aside and shall discharge the prisoner or resentence him or grant a new trial or correct the sentence as may appear appropriate." 28 U.S.C. § 2255(b).

## Facts and Procedural Posture

William Albright was convicted in this court for brandishing a firearm during and in relation to a crime of violence (armed bank robbery) under 18 U.S.C. § 924(c). He has filed the instant motion [236] to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255, arguing that armed bank robbery does not constitute a crime of violence under the holding in *Johnson v. United States*, 135 S.Ct. 2551 (2015). He argues that because *Johnson* held that the residual clause in 18 U.S.C. § 924(e) is unconstitutionally vague, the similarly worded residual clause found in 18 U.S.C. § 924(c) is also unconstitutional. As discussed below, this argument is without substantive merit.

## *Johnson* Did Not Render 18 U.S.C. § 924(C) Unconstitutional

In *Johnson* the Supreme Court analyzed the Armed Career Criminal Act (ACCA) which provides for an enhanced sentence of 15 years to life for an individual who is convicted of possessing a firearm and has three or more convictions for a serious drug offense or violent felony. The Court found one of the definitions, the "residual" clause, unconstitutionally vague. The ACCA defines "violent felony" as:

> any crime punishable by imprisonment for a term exceeding one year . . . that-
>
> (i) has as an element the use, attempted use, or threatened use of physical force against the person of another; or
>
> (ii) is burglary, arson, or extortion, involves the use of explosives, *or otherwise involves conduct that presents a serious potential risk of physical injury to another*.

18 U.S.C. §924(e)(2)(B) (emphasis added).

The definition set forth in paragraph (i) is the "elements" clause. The non-italicized offenses listed in paragraph (ii) are the "enumerated offenses." The italicized words found in (ii) describing conduct that "presents a serious risk of physical injury to another" are known as the Act's "residual" clause – the clause the Court found to be unconstitutionally vague in *Johnson* in

June of 2015. The Court found that the "indeterminacy of the wide-ranging inquiry required by the residual clause both denies fair notice to defendants and invites arbitrary enforcement by judges." *Id.* at 2557. However, the Court made clear that its decision "does not call into question application of the Act to the four enumerated offenses, or the remainder of the Act's definition of a violent felony." *Id.* at 2563.

Mr. Albright argues in his motion that because a post-*Johnson* offense can only qualify as a crime of violence under ACCA if it is an enumerated offense or satisfies the elements clause, the same must be true for 18 U.S.C. § 924(c). That section defines "crime of violence" as an offense that is a felony and "has as an element the use, the attempted use, or threatened use of physical force against the person or property of another," *or* an offense that is a felony and "that by its nature involves a substantial risk that physical for against the person or property of another may be used in the course of committing the offense." 18 U.S.C. § 924(c).

Mr. Albright argues that because the residual clause of § 924(c) is similarly worded to § 924(e), it is also unconstitutionally vague. He argues further that his conviction for armed bank robbery does not satisfy the elements/force clause of § 924(c) and must be vacated. As discussed below, none of these arguments has merit.

### Discussion

Mr. Albright's arguments fail in several ways. First, *Johnson* did not invalidate the residual definition of § 924(c)(3)(B). Second, even if it had done so, armed bank robbery easily satisfies the "elements" clause of § 924(c)(3)(A) as a violent felony. As such, the court need not rely upon the residual clause to find that Mr. Albright's conviction for armed bank robbery is proper.

The Supreme Court expressly declined to extend its holding in *Johnson* to automatically invalidate other similarly worded statutes:

> The Government and the dissent next point out that dozens of federal and state criminal laws use terms like "substantial risk," "grave risk," and "unreasonable risk," suggesting that to hold the residual clause unconstitutional is to place these provisions in constitutional doubt. See post, at 2558-2559. Not at all. Almost none of the cited laws links a phrase such as "substantial risk" to a confusing list of examples. . . . More importantly, almost all of the cited laws require gauging the riskiness of conduct in which an individual engages on a particular occasion. As a general matter, we do not doubt the constitutionality of laws that call for the application of a qualitative standard such as "substantial risk" to real-world conduct; "the law is full of instances where a man's fate depends on his estimating rightly . . . some matter of degree."

*Johnson v. U.S.*, 135 S.Ct. at 2561. The Supreme Court expressly declined to extend its holding in *Johnson* in this way, and this court also declines that invitation.

In addition, the residual clause of § 924(c)(3)(B) does not use the same language as the ACCA in § 924(e). The residual clause of § 924(c)(3)(B) asks whether the crime "by its nature involves a substantial risk that physical *force* against the person or property of another may be used in the course of committing the crime" (emphasis added). This wording, which requires a court to determine whether there is a substantial risk that physical force may be used against the person or property of another, does not call for the same type of speculation as that of ACCA which required courts to determine if there was a "serious potential risk of physical injury" from a crime.

This court has studied the issue and rejected the application of *Johnson* to a defendant convicted of armed bank robbery and 924(c). In *United States v. Cosner*, 1:15CR0096-SA, 2016 WL 5108026 (N.D. Miss., September 20, 2016), the court examined the arguments made by counsel regarding application of *Johnson* and rejected them. "Cosner's underlying offense conviction under § 2113(a) and (d) qualifies as a crime of violence under the elements clause of § 924(c)(1)(A) even if the residual clause of § 924(c) was unconstitutional under *Johnson*." This

court has also found that "the 'residual clause' in § 924(c) does not share the same infirmities as the ACCA's residual clause," rejecting a similar collateral attack on a conviction for brandishing a firearm during and in relation to an armed bank robbery. *Miller v. United States*, 3:10CR163, Doc. 261, *12-13 (N.D. Miss., October 3, 2016).

The Fifth Circuit has issued several orders denying authorization to Northern District petitioners to pursue successive 2255 motions based on *Johnson's* application to Section 924(c) convictions. See, *In re Andrews*, 16-60429 (5th Cir., September 29, 2016); *In re Gilliland*, 16-60430 (5th Cir., September 29, 2016) ("We have recently rejected Gilliland's argument that the holding in *Johnson* should be extended to his § 924(c) firearm convictions because § 924(c)(3) defines 'crime of violence' with language similar to what was found unconstitutionally vague in *Johnson*. *See In re Fields*, 826 F.3d 785, 786-87 (5th Cir. 2016)"); *In re Hollowell*, 16-60429 (5th Cir., September 29, 2016); and *In re Jones*, 16-60429 (5th Cir., September 29, 2016).

In *Gilliland* the Fifth Circuit declined to extend *Johnson* to § 924(c). *See In re Fields*, 826 F.3d 785, 786-87 (5th Cir. 2016). Other appellate courts have likewise found that the *Johnson* decision leaves the residual clause of § 924(c) intact. See, e.g., *United States v. Taylor*, 814 F.3d. 340, 376-78 (6th Cir. 2016) (explaining why Johnson does not invalidate the residual clause of § 924(c) and outlining how the residual clauses of ACCA and § 924(c) differ); *United States v. Hill*, No. 14-3872-CR, 2016 WL 4120667, at *8-9 (2d Cir., Aug. 3, 2016) (holding § 924(c) is not void for vagueness); *United States v. Fox*, 15-11741, 2016 WL 3033067, at *2 (11th Cir 2016) (finding that *Johnson*'s reasoning regarding residual clause of ACCA did not apply to § 924(c)(3)(B) and noting *Johnson* did not invalidate § 924(c)(3)(B)).

District courts across the country have made similar rulings. See, e.g., *United States v. Green*, CR RDB-15-0526, 2016 WL 277982, at *3 (D. Md., Jan. 22, 2016) (finding that the "Residual Clause" of §924(c) is not unconstitutionally vague in light of *Johnson* and differentiating the two clauses; *United States v. Prickett*, 3:14-CR-30018, 2015 WL 5884904, at*2-3 (W.D. Ark., Oct. 8, 2015) (explaining that §924(c)(3)(B) is the very type of statute that the *Johnson* court indicated would not be unconstitutionally vague), *aff'd*, 15-3486, 2016 WL 4010515 (8th Cir., July 27, 2016); *United States v. Walker*, 3:15CR49, 2016 WL 153088, at *9 (E.D. Va., Jan. 12, 2016) (declining to extend Johnson to Section § 924(c)(3)(B)); *United States v. Hunter*, 2:12CR124, 2015 WL 6443084, at *2 (E.D. Va., Oct. 23, 2015) (noting differences between the residual clauses of §924(e) and §924(c), and refusing to find from the record or Circuit precedent that the Supreme Court in *Johnson* intended to invalidate the residual clause of § 924(c)); and *United States v. Moore*, 3:03-CR-169, 2016 WL 126921, at *2 (S.D. Ohio, Jan. 12, 2016) (holding that "nothing in *Johnson* implies that § 924(c) is unconstitutional.")  Mr. Albright's attempt to apply *Johnson* to § 924(c) is wholly without merit.

**Armed Bank Robbery Is a Crime of Violence**

Mr. Albright also argues that armed bank robbery is not a crime of violence under the "elements" clause of 18 U.S.C. § 924(c).  He argues that this court may not look at the facts of this individual case, but must apply a "categorical approach" as set forth in *Descamps v. United States*, ___ U.S. ___, 133 S.Ct. 2276, 2283 (2013), looking only to the statutory definition and elements of the offense, rather than the underlying facts.  Mr. Albright would thus have the court ignore the facts and evidence presented at his plea hearing – over which the court presided – and instead look only to the language of the bank robbery statute itself.

The court need not resort to the "categorical approach" in this case because the reasons for adopting such an approach do not apply here. As explained in *Johnson*, a court is required to use the categorical approach in determining if a *previous conviction* counts as a predicate offense under the Armed Career Criminal Act. Using this approach, the court can avoid having "to reconstruct, long after the original conviction, the conduct underlying that conviction." *Johnson*, 135 S.Ct. at 2562 (citing *Taylor v. United States*, 495 U.S. 575, 599-602 (1990)). The basis for the categorical approach is so that courts can avoid delving into and reconstituting the facts of old convictions, not to shield defendants from responsibility for their current actions. This was the holding in at least one case where the court examined this issue. *See United States v. Prickett*, 3:14-CR-30018, 2015 WL 5884904, at *2-3 (W.D. Ark., Oct. 8, 2015), *aff'd*, 15-3486, 2016 WL 4010515 (8th Cir., July 27, 2016). As the district court in *Prickett* explained:

> None of the concerns that led the *Taylor* Court to utilize, and the *Johnson* Court to maintain, the categorical approach in analyzing the ACCA residual clause are present when analyzing § 924(c)(3)(B). Rather than looking to past convictions, the Court looks to the evidence in this case, i.e., the underlying offense conduct, in applying § 924(c)(3)(B). The conduct in this case – to which *Prickett* has admitted – is based upon the factual basis in his plea agreement and the Presentence Investigation Report. Those facts are sufficient to meet the elements of the offenses charged in Counts 1 and 2 of the indictment. Therefore, the Court need not engage in a categorical analysis to ensure consistent application of §924(c)(3)(B).

*Prickett*, at *2; *see also United States v. Enriques*, 8:08CR383, 2016 WL 4273187 at *11 (D. Neb., Aug. 12, 2016) (same). For these reasons, the court will not use the categorical approach when determining whether Mr. Albright's offense is a crime of violence under § 924(c).

Mr. Albright urges the court to apply the categorical approach, as he believes that would support his argument that armed bank robbery is not a crime of violence under the elements clause of § 924(c). However, the plain language of the statute under which Albright was

convicted and prior court decisions make clear that armed bank robbery *is* a crime of violence as contemplated in the elements clause.

Mr. Albright was not charged with bank robbery under 18 U.S.C. § 2113(a); instead, he was charged with *armed* bank robbery under § 2113(a) and (d). Mr. Albright was convicted at trial on Count one of the Indictment, which charges:

> On or about May 19, 2010, in the Northern District of Mississippi, Brian Gilliland, Angela Bryson Miller, Starlet Kizer, Marcus Westbrook, and WILLIAM ALBRIGHT, defendants, aided and abetted by each other, by force, violence and intimidation did take from the person and presence of others, being bank tellers of the Slayden Bank, Lamar, Mississippi, approximately $24,856.74, in money belonging to and in the care, custody, control, management and possession of the Slayden Bank, the deposits of which were then insured by the Federal Deposit Insurance Corporation, and in committing such offense, the defendants did assault and put in jeopardy the life of other persons by the use of dangerous weapons, that is, handguns, in violation of Title 18, United States Code, Sections 2113(a) and (d).

On its face, Count One alleges that Mr. Albright took money by force, violence and intimidation, *and* that he placed another's life in jeopardy by the use of a dangerous weapon. All of these facts clearly place the offense within the elements clause of 18 USC § 924(c), which defines crime of violence as one having "as an element the use, attempted use, or threatened use of physical force against the person or property of another." The taking of money by force, violence and intimidation from bank employees while placing their lives in jeopardy by the use of a firearm easily satisfies the elements clause of § 924(c), as it involves the use, attempted use or threatened use of physical force.

Other courts have likewise held that bank robbery and armed bank robbery constitute crimes of violence under the elements clause of § 924(c). The Eleventh Circuit rejected a defendant's argument that his conviction for bank robbery could not constitute a crime of violence under §924(c) in the wake of the *Johnson* holding:

> Sams has not made a prima facie showing for relief under Johnson as to his conviction under § 924(c). Sams' § 924(c) conviction was based on his companion conviction for bank robbery in violation of §2113(a) which requires that the defendant take the property of a bank "by force and violence, or by intimidation." We have concluded that an armed bank robbery conviction pursuant to § 2113(a) and (d) qualifies as a crime of violence because it requires as an element, "the use, attempted use, or threatened use of physical force against the person or property of another as set out in § 924(c)(3)(A). Additionally, as to the "by intimidation" language contained in § 2113(a), this Court has held that similar language still satisfies the § 924(c)(3)(A) use-of-force clause.
>
> While we have not directly held that a bank robbery conviction under only § 2113(a), rather than an armed bank robbery conviction under § 2113 (a) and (d), qualifies as a crime of violence under the § 924(c)(3)(A) use of force clause, the statutory language in § 2113(a) and our holdings in Hines and Moore make clear that such a conviction falls within the scope of the § 924(c)(3)(A) use of force clause.

*In Re Sams*, 16-14515-J, 2016 WL 3997213, *4 (11th Cir. July 26, 2016)(citations omitted); *see also In Re Hunt*, 16-14756-J, 2016 WL 3895246, at *1 (11th Cir., July 18, 2016) (holding armed bank robbery is a crime of violence under the elements clause of § 924(c)(3)); and *In Re Fleur*, 16-12299-J, 2016 WL 3190539, *3 (11th Cir., June 8, 2016) (a conviction for Hobbs Act robbery clearly qualifies as a "crime of violence" under the force clause of § 924(c)(3)(A) because robbery means the unlawful taking of personal property from another against his will by actual or threatened force, violence, or fear of injury to his person or property, and therefore would be a crime of violence even if the residual clause of § 924(c)(3)(B) were unconstitutional).

Similarly, the Fourth Circuit determined that bank robbery under § 2113 (a) or (d) constitutes a crime of violence. In *United States v. McNeal*, the court considered *Johnson* challenges from two defendants who alleged that their convictions under 18 U.S.C. §924(c) for brandishing a firearm during a crime of violence should be set aside because armed bank robbery did not constitute a crime of violence. In analyzing the issue, the Fourth Circuit held:

> Our sister circuits have uniformly ruled that other federal crimes involving takings "by

> force and violence, or by intimidation," have as an element the use, attempted use, or threatened use of physical force. Earlier this year, for example, the Eighth Circuit concluded that robbery in the special maritime and territorial jurisdiction of the United States under 18 U.S.C. § 2111 satisfied the similarly worded force clause in the Armed Career Criminal Act ("ACCA"), because it required a taking "by force and violence, or by intimidation." *See United States v. Boman,* 810 F.3d 534, 542–43 (8th Cir. 2016). The Second and Eleventh Circuits reached the same conclusion with respect to the carjacking statute, 18 U.S.C. § 2119. *See United States v. Moore,* 43 F.3d 568, 572–73 (11th Cir.1994); *United States v. Mohammed,* 27 F.3d 815, 819 (2d Cir.1994).
>
> The logic of those decisions is straightforward. A taking "by force and violence" entails the use of physical force. Likewise, a taking "by intimidation" involves the threat to use such force. As the Seventh Circuit explained in its *Jones* decision, "there is no 'space' between 'bank robbery' and 'crime of violence' because "violence in the broad sense that includes a merely threatened use of force is an element of every bank robbery."
>
> ….
>
> Put succinctly, ... bank robbery under § 2113(a), "by force and violence," requires the use of physical force. Bank robbery under §2113 (a), "by intimidation" requires the threatened use of physical force. Either of those alternatives includes an element that is "the use, attempted use, or threatened use of physical force," and thus bank robbery under § 2113(a) constitutes a crime of violence under the force clause of § 924(c)(3).

*United States v. McNeal*, 818 F.3d 141, 153 (4th Cir. 2016) (citations included); *see also In re Hubbard*, 825 F.3d 225, 228 (4th Cir. 2016) (recognizing Fourth Circuit precedent holding bank robbery supports a §924(c) conviction); *United States v. McBride*, 826 F.3d 293, 295-96 (6th Cir. 2016) (holding bank robbery by force and violence plainly involves "use, attempted use or threatened use of physical force," and a taking by intimidation under §2113 involves the threat of use of physical force); *see also Green*, 2016 WL 277982 at *2-3 (holding that armed bank robbery is a crime of violence under §924(c)(3)(A) and the residual clause found in §924(c)(3)(B) is not unconstitutionally vague).

*United States v. Dentler*, 492 F.3d. 306 (5th Cir. 2007) is an instructive case for the proposition that bank robbery, in some circumstances, *does not* constitute a crime of violence

under § 924(c).  Dentler was charged under the second paragraph of 18 U.S.C. § 2113 (a) in an indictment alleging that he "did attempt to enter Texstar Bank and the building used in whole or in part as a bank, with the intent to commit the felony offense of robbery, by taking and attempting to take from the person or presence of another, money, belonging to and in the care, custody, control, management, and possession of Texstar Bank, a bank whose deposits were then insured by the Federal Deposit Insurance Corporation, in violation of 18 U.S.C. Section § 2113." *Id.* at 308.  The indictment in that case did not charge bank robbery under the first paragraph of § 2113(a) and did not allege that Dentler used force, violence or intimidation.  Instead, the indictment charged Dentler with entering a bank with the intent to commit bank robbery, under the provisions of the second paragraph of Section 2113(a).  *Id.*  As the Fifth Circuit explained:

> The statute at issue in this case, 18 U.S.C. § 2113(a) describes two separate offenses. The first paragraph criminalizes bank robbery (or an attempt) that uses force, violence or intimidation. . . .  The second paragraph, by contrast, allows for a conviction where "if at the time [a] person attempts to enter a bank he intends to commit a felony affecting the bank. . . . We have held that the second paragraph of § 2113(a) (under which Dentler was convicted) does not constitute a crime of violence under that definition.

*Dentler*, 492 F.3d at 309-310, 313.

*Dentler* involved a substantially different charging document than the one in the present case – and did not allege the use of force, violence or intimidation during the course of robbery. *Dentler's* holding is not a determination by the Fifth Circuit that bank robbery or armed bank robbery charged under 18 USC § 2113(a) and (d) can never constitute crimes of violence.  To the contrary, the Fifth Circuit has upheld the Bureau of Prisons' decision to categorize bank robbery charged in § 2113(a) as a crime of violence under § 924 (c)(3).  *Royal v. Tombone*, 141 F.3d 596,

601 (5th Cir. 1998). In that case, the court looked at the first paragraph of § 2113(a), and examined a Bureau of Prisons Program statement that concluded:

> With regard to the specific crime of bank robbery, the offense should be considered a crime of violence pursuant to section 924(c)(3) since, due to the circumstances surrounding bank robberies, the offense involves an explicit or implicit threat of force and thus has as an element the "threatened use of physical force against the person or property of another."

*Id.*, at 600-601. Upon reviewing § 2113(a) and the BOP Program Statement, the Fifth Circuit concluded that "[b]ased on our reading of § (c)(3) and § 2113(a), we conclude that Program Statement 5162.02 constitutes a permissible interpretation of § 924(c)(3)." *Id.* at 601. Mr. Albright's argument to the contrary is without merit.

**Conclusion**

In sum, for the reasons discussed above, *Johnson v. United States* does not apply to convictions under the residual clause in 18 U.S.C. § 924(c). In addition, the facts of the present case support the Movant's conviction under the "elements" clause of § 924(c). As such, the instant motion to vacate, set aside, or correct sentence will be denied. A final judgment consistent with this memorandum opinion will issue today.

**SO ORDERED**, this, the 9th day of July, 2019.

/s/ Sharion Aycock
U. S. DISTRICT JUDGE